IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LAIF DOUGLAS POULTON                                      PETITIONER

v.                          Civil No. 4:09-cv4030

UNITED STATES OF AMERICA                                  RESPONDENT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2241 filed herein by LAIF DOUGLAS POULTON, (hereinafter referred to as "Petitioner") an inmate currently confined in the Federal Bureau of Prisons.  (Doc. 1).[1]  The Petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

### A.  Procedural History

Movant was indicted for wire fraud on March 12, 2003.[2]  On June 27, 2003, he entered a plea of guilty to the charges.  Movant was sentenced on October 24, 2003 to a term of twenty-four (24) months imprisonment to be followed by three (3) years of supervised release.  One of the conditions of any future supervised release was that Movant not commit any federal, state, or local crime.  Movant was released from federal custody on September 8, 2005 and commenced service of the term of supervised release.

On or about April 1, 2008, Movant was convicted of Theft of Property and two counts of

---

[1] Documents from the Court's file are referred to by docket number and referenced "(Doc. __)."

[2] *See U.S. v. Poulton,* No. 4:03-cr-40008 (W.D.Ark. 2003).  The procedural history is taken from the docketed pleadings in this underlying criminal case.

Forgery in the Circuit Court of Washington County, Arkansas.  He was sentenced to a total of 120 months in the Arkansas Department of Corrections.  As a result of this criminal conviction, on April 4, 2008, the United States Probation Office filed a Report on Offender under Supervision and requested the issuance of a warrant for the arrest of the Movant.  United States District Judge Harry F. Barnes ordered the issuance of a warrant based on this alleged violation on April 4, 2008.

On April 8, 2008, the Court set a hearing April 10, 2008, on the petition for revocation of supervised release.  Mr. John F. Stroud, III was appointed to represent Movant at the Revocation Hearing.  At the hearing, the Movant admitted the allegations in the petition to revoke supervised release.  Following the hearing, the Court revoked Movant's supervised release and sentenced him to a term of imprisonment of twenty-one (21) months, such term to be served consecutively to the 120-month state court sentence imposed on April 1, 2008.

On September 19, 2008, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (hereinafter "the §2255 Motion").[3]  He also filed an Alternative Mtion for Credit for Time Served.[4]  The §2255 Motion sought to have his revocation set aside for various reasons including, the following:  the proceeding was not done in a "reasonable" manner, he was subjected to double jeopardy, he did not have timely notice of the hearing, and the U.S. Probation Office improperly advised the Court regarding the consecutive nature of any revocation.  This Court denied Petitioner's §2255 Motion on March 9, 2009.[5]  The Court considered each of the claims and

---

[3]*See U.S. v. Poulton*, Case No. 4:03-cr-40008 (W.D. Ark. 2003) (Doc. 31)(Motion to Vacate Sentence).

[4]*See U.S. v. Poulton*, Case No. 4:03-cr-40008 (W.D. Ark. 2003) (Doc. 32)(Motion for Credit for Time Served).

[5]*See U.S. v. Poulton*, Case No. 4:03-cr-40008 (W.D. Ark. 2003) (Doc. 55)(Order Adopting Report and Recommendation).

denied them on their merits.[6]   The Court denied the Motion for Credit for Time Served on March 9, 2009.[7]

On March 16, 2009, Petitioner filed a Notice of Appeal of the denial of his §2255 Motion. (Doc. 57).   He has been granted leave to proceed *in forma pauperis* on appeal[8], but the Court has not yet ruled on whether he is entitled to a Certificate of Appealability.  Petitioner has now filed this §2241 petition, alleging essentially the same claims he made in the §2255 motion.

## B. Discussion

As noted above, the claims in this §2241 petition are essentially the same as those in the prior §2255 motion.  The denial of that motion is currently subject to Petitioner's efforts to gain appellate review. Petitioner indicates in the instant petition that he appealed the Court's denial of his §2255 motion and that the United States Court of Appeals for the Eighth Circuit has denied his appeal. This statement is not accurate, as no final decision has been made regarding that appeal.  Further, Petitioner seeks as relief that the Court "drop my detainer so I would be eligible for a work release program, I would also like credit for my jail credit given to me, . . .I would also like my federal sentence be run concurrent with my state sentence."[9]  (Doc. 1 p. 3).

Petitioner seeks the exact remedy in the instant petition he sought in the prior §2255 motion

---

[6]*See U.S. v. Poulton*, Case No. 4:03-cr-40008 (W.D. Ark. 2003) (Doc. 51)(Report and Recommendation).

[7]*See U.S. v. Poulton*, Case No. 4:03-cr-40008 (W.D. Ark. 2003) (Doc. 56)(Order Adopting Report and Recommendation).

[8]*See U.S. v. Poulton*, Case No. 4:03-cr-40008 (W.D. Ark. 2003) (Doc. 63)(Order).

[9]The Court notes that in its Report and Recommendation dated March 9, 2009, it recommended denial of Petitioner's request for credit for time served, and instructed Petitioner to seek administrative remedies before the Bureau of Prisons prior to filing a §2241 Petition for credit for time served.  Petitioner has not indicated he has sought any administrative remedies.  *See U.S. v. Poulton*, Case No. 4:03-cr-40008 (W.D. Ark. 2003) (Doc. 53)(Report and Recommendation).

and Alternative Motion for Credit for Time Served.  As to the issues raised in the instant §2241 petition in which Petitioner attacks the validity of his sentence, this Petition should be construed as a second §2255 motion.  As to the issue of credit for time served, this petition is properly considered a §2241 petition.  These two separate issues are addressed below.

1. Sentence Validity Issues:  As to the issues attacking the validity of the sentence at issue, namely, inadequate time to prepare for trial, double jeopardy, and ineffective counsel, the threshold determination in a § 2244 successive petition inquiry is whether this matter is a second or successive petition.    This inquire should be guided by abuse of the writ principles.  *See Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003).  "Section 2244 requires dismissal of a second or successive petition unless the claim raised asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense. . . "  *Id.*  A review of the claims made in the instant petition show that neither exception applies here.  Petitioner raises the same issues in this petition that were dismissed  less than sixty (60) days ago.  In fact, this court's dismissal of the prior claims is still pending appeal.  The instant petition is clearly a successive petition, and Petitioner has not obtained permission from the United States Court of Appeals for the Eighth Circuit to file this petition.  Petitioner's claims regarding the validity of his sentence should be dismissed with prejudice as a successive petition in violation of §2244.

2. Sentence Credit Issues:  Petitioner also raises again an issue he raised following the prior revocation case, namely the issue of credit for time served in state custody.  As the Court previously held:[10]

---

[10]*See U.S. v. Poulton*, Case No. 4:03-cr-40008 (W.D. Ark. 2003) (Doc. 56)(Order Adopting Report and Recommendation).

In this case Movant asks the Court to give him credit for time served in state court. As *Pardue* instructs, the decision to give credit for time previously served on a state sentence should be made by the Federal Bureau of Prisons.  If Movant seeks credit for his time served before the Bureau of Prison and exhausts his remedies there with no relief granted, he may then seek judicial review by filing a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  The Court also notes that any such petition pursuant to section 2241 should be filed in the either the District where Movant is then confined or in any district where the Federal Bureau of Prisons maintains a regional office. *See United States v. Chappel*, 208 F.3d 1069, 1070 (8th Cir. 2000).

This Court specifically instructed Petitioner that the proper procedure to challenge a claimed denial of credit to a federal criminal sentence was to first seek administrative relief from the Federal Bureau of Prisons.  Petitioner has failed to indicate he sought such relief.  Further, he has failed to indicate the Bureau of Prisons has denied any such request.   In a similar case, the Court dismissed a §2241 case seeking credit for time serve where the petitioner failed to exhaust available administrative remedies, namely seeking relief from the Bureau of Prisons.  *See U.S. v. Sithithongtham*, 11 Fed. Appx.  657 (8th Cir. 2001)("Accordingly, we affirm the district court, but we modify its [dismissal] order to reflect a dismissal without prejudice so that Mr. Sithithongtham may file a section 2241 petition in the proper court after exhausting his administrative remedies with the BOP.").

Petitioner is again advised to seek administrative relief from the Federal Bureau of Prisons regarding his request for credit for time served in state custody.  If he is denied administrative relief he may then seek review in the proper court pursuant to 28 U.S.C. §2241.

### **Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant petition be denied and

dismissed.[11] Specifically, the claim in the Petition seeking credit for time served should be dismissed without prejudice to allow the Petitioner so seek his available administrative remedies.   The claims attacking the validity of the sentence itself, namely, claims of ineffective assistance of counsel, double jeopardy and inadequate preparation time should be dismissed with prejudice. Further, pursuant to 28 U.S.C. §1915(a), I recommend the finding that an appeal from the dismissal of the claims attacking the validity of the sentence at issue would not be taken in good faith.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **7th day of May, 2009.**

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[11]   "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984).*