IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LAIF DOUGLAS POULTON                                              PETITIONER

VS.                                 CASE NO. 09-CV-4030

UNITED STATES OF AMERICA                                          RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed on May 7, 2009, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. No. 4). On May 26, 2009, the Petitioner filed objections to the Magistrate Judge's Report. (Doc. No. 5).

On March 12, 2003, the Petitioner Laif Poulton was indicted for wire fraud. He entered a plea of guilty to the charges on June 27, 2003. The Court sentenced Poulton to a term of twenty-four (24) month imprisonment to be followed by three (3) years of supervised release. One of the conditions of Poulton's supervised release was that he not commit any federal, state or local crime. On September 8, 2005, Poulton was released from federal custody and began serving his supervised release.

On April 1, 2008, Poulton was convicted of Theft of Property and two counts of Forgery in the Circuit Court of Washington County, Arkansas. On April 4, 2008, as a result of this criminal conviction, the Court issued a warrant for Poulton's arrest for violation of his supervised release. A Revocation Hearing was set for April 10, 2008. Counsel was appointed to represent Poulton at this hearing.

At the hearing, Poulton admitted that he had been convicted of a felony in state court. As a result of the conviction, the Court revoked Poulton's supervised release and sentenced him to a term of imprisonment of twenty-one (21) months to be served consecutively to the sentence imposed in state court. Poulton did not object to the sentence imposed by the Court.

On September 19, 2008, Poulton filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He also filed an Alternative Motion for Credit for Time Served. Poulton's § 2255 motion sought to have his revocation set aside on grounds that the proceeding was not done in a "reasonable" manner, he was subjected to double jeopardy, he did not have timely notice of the hearing, and the U.S. Probation Office improperly advised the Court regarding the consecutive nature of his revocation. On March 9, 2009, the Court denied the § 2255 motion. The Court also denied the Motion for Credit for Time Served finding that the decision to give credit for time previously served on a state sentence is made by the Bureau of Prisons, not the Court. Poulton was informed that if he sought such credit from the BOP and exhausted his remedies there with no relief being granted, he could seek judicial review pursuant to 28 U.S.C. § 2241 in the district where he is then confined or in any district where the BOP maintains a regional office.

On March 16, 2009, Poulton filed a Notice of Appeal and a Motion for Certificate of Appealability. On May 11, 2009, the Court found that reasonable jurists would not find the Court's procedural rulings regarding Poulton's motions debatable. Accordingly, the Court denied Poulton's Motion for Certificate of Appealability.

On April 9, 2009, Poulton filed the pending Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. In this petition, Poulton attacks the validity of his sentence on grounds of

ineffective counsel, government misconduct by the probation office, and double jeopardy. He also asks that he be given credit for the time served in state custody. The matter was referred to Magistrate Judge Barry A. Bryant for findings of fact, conclusions of law and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636.

In his Report and Recommendation, Judge Bryant found that the claims made by Poulton in the pending § 2241 petition were essentially the same as those in his prior § 2255 motion – he attacks the validity of his sentence and asks for credit for time served. As a result, Poulton's claims regarding the validity of his sentence were viewed as a successive § 2255 petition. Judge Bryant found that Poulton had not obtained the necessary authorization from the Eighth Circuit Court of Appeals to file a second or successive § 2255 petition in violation of 28 U.S.C. § 2244 and recommended that these claims be dismissed with prejudice. In regard to Poulton's request for credit for time served, Judge Bryant considered this request as a § 2241 petition. In the petition, Poulton did not indicate that he had sought the requested relief from the BOP and that the relief had been denied. Therefore, Judge Bryant recommended that this claim be dismissed without prejudice. Judge Bryant advised Poulton to seek administrative relief from the BOP regarding his request for credit for time served. Then, if Poulton is denied administrative relief, he may seek review in the district where his is confined or in any district where the BOP has a regional office.

Poulton has filed objections to Judge Bryant's Report and Recommendation. In his objections, Poulton reiterates his claims regarding the validity of his sentence on grounds of ineffective counsel and double jeopardy. Poulton also states that he has filed papers with the BOP regarding his request for credit for time served and is waiting for their response. The matter

3

is now before this Court for review.

A properly filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed on behalf of a sentenced prisoner attacks the execution of his sentence, not the validity of the sentence itself. *Matheny v. Morrison,* 307 F.3d 709, 710 (8th Cir. 2002). In a portion of the pending petition, Poulton attacks the validity of his sentence. These claims are not properly brought under 28 U.S.C. § 2241. They are more appropriately brought as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Therefore, the Court will construe this portion of Poulton's petition as a petition under § 2255. In reviewing the petition, it is apparent that these claims are the same as those raised in Poulton's previous § 2255 petition. Therefore, this portion of the pending petition is clearly a successive § 2255 petition.

Before a district court may consider a second or successive § 2255 petition, the petitioner must first obtain permission to file the petition from the appropriate court of appeals, i.e., the United States Court of Appeals for the Eighth Circuit. 28 U.S.C. § 2244. Poulton had failed to obtain the appropriate authorization from the Eighth Circuit. Therefore, this Court lacks jurisdiction to consider these claims. Accordingly, Poulton's claims regarding the validity of his sentence should be dismissed with prejudice.

Along with his § 2255 claims, Poulton seeks credit for time served in state custody. This claim is properly before the Court in the pending § 2241 petition. In his objections, Poulton states that he has filed papers with the BOP regarding his request for credit for time served. However, he also states that he is waiting on the BOP to reply to his request. As stated in Judge Bryant's Report and Recommendation, a petitioner may seek judicial review if he has sought relief from the BOP and exhausted his remedies there with no relief being granted. That is not

the case here.  Although Poulton states that he has filed papers with the BOP, the BOP has not responded to his request.  Therefore, Poulton has not exhausted his administrative remedies before the BOP.  Only then may he seek judicial review in the district where he is confined or in a district where the BOP has a regional office pursuant to 28 U.S.C. § 2241.  Accordingly, Poulton's claim seeking credit for time served should be dismissed without prejudice.

After reviewing the record *de novo* and considering the petitioner's objections, the Court adopts the Magistrate Judge's Report and Recommendation.  Accordingly, for the reasons set forth above, Petitioner Laif Poulton's pending petition is hereby **denied and dismissed**.  Those claims attacking the validity of Poulton's sentence are dismissed with prejudice.  The claim seeking credit for time served is dismissed without prejudice allowing him to file in the proper court after exhausting his administrative remedies with the BOP.

IT IS SO ORDERED, this 27th day of May, 2009.

                                      /s/Harry F. Barnes
                                      Hon. Harry F. Barnes
                                      United States District Judge